J-A07037-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| J.W.R. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| M.P.R. | : | |
| | : | |
| Appellant | : | No. 1459 MDA 2020 |

Appeal from the Order Entered October 14, 2020
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2015-CV-04889-DC

BEFORE:   BOWES, J., DUBOW, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY STEVENS, P.J.E.: **FILED: APRIL 16, 2021**

Appellant, M.P.R. ("Father"), appeals from the final order of custody entered in the Court of Common Pleas of Dauphin County, Civil Division. Herein, Father contends the court erroneously entered its "Final Order of Custody-Parenting Plan" in violation of his rights to due process where there was neither a custody agreement reached between the parties at the conclusion of their court-ordered conciliation conference nor an evidentiary hearing conducted by the court.  After careful review, we vacate and remand for an evidentiary hearing.

Father and Appellee, J.W.R (hereinafter "Mother"), are the biological parents of four minor children.  Prior to the order in question, the parties had been following the court's August 9, 2019 order for custody—a stipulated

_____

[*] Former Justice specially assigned to the Superior Court.

order entered by agreement. In June 2020, however, the parties cross-filed emergency petitions for special relief and contempt, with Father accusing Mother of improperly withholding custody of the two younger children.

The matter was ultimately scheduled for a custody conciliation video conference on September 3, 2020. Both parties, represented by counsel, attended the conference to negotiate a possible resolution of their issues, but no agreement was reached. Instead, the conciliator proposed that he would talk with the teenage children and review the most recent draft of the parties' proposed agreement still under negotiations. The conciliator eventually met with the children, though unbeknownst to Father, and no further correspondence occurred between the parties and either the conciliator or the court. On October 14, 2020, the lower court entered its "Final Order-Parenting Plan" without the parties either reaching an agreement in the court-ordered conciliation conference or participating in a hearing conducted by the court. This appeal followed.

The Honorable Royce L. Morris, in his Pa.R.A.P. 1925(a) Opinion, states that the conciliator drafted the court order in question "based on the terms to which Father and Mother indicated their agreement," which is consistent with the local and state rules of court. *See* Trial Court Opinion, at 2. This Court is constrained, however, to conclude that the record before us is inadequate to support such a determination.

In short, the lower court purported to enter a final order of custody by agreement of the parties, pursuant to Pa.R.C.P. 1915.7,[1] where no such agreement was ever reached, no party consent to the conciliator's draft order existed, and no evidentiary hearing on the custody issue was ever held. This constitutes reversible error. Accordingly, we vacate the order and remand this matter to the lower court, which is to conduct a full evidentiary hearing on the custody agreement-parenting plan that remains in dispute.

Order vacated. Case remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date:04/16/2021

---

[1] Pennsylvania Rule of Civil Procedure 1915.7 provides:

If the parties have an agreement regarding custody and request that the court enter a consent order incorporating the agreement's terms:

a) The parties shall submit to the court a proposed custody order bearing the parties' written consent; or
b) The parties may state the agreement on the record.

Pa.R.C.P. 1915.7. Dauphin County Local Rule 1915.7 similarly provides that any such agreement reached by the parties "shall be signed by all parties." PA Dauphin Cty. Civ. LR 1915.7.